**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 19-4938**

―――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR GUILLERMO MENOCAL-RUIZ,

Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:18-cr-00123-BO-1)

―――――――

Submitted:  August 26, 2021                     Decided:  September 10, 2021

―――――――

Before AGEE and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

―――――――

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

―――――――

Matthew Nis Leerberg, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Guillermo Menocal-Ruiz pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced Menocal-Ruiz to 180 months' imprisonment and 5 years' supervised release. On appeal, Menocal-Ruiz's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentence is reasonable but conceding that there are no meritorious issues for review. Although notified of his right to do so, Menocal-Ruiz did not file a pro se supplemental brief. For the reasons that follow, we affirm Menocal-Ruiz's convictions, vacate his sentence, and remand for resentencing.

We turn first to the validity of Menocal-Ruiz's guilty plea. Prior to accepting a guilty plea, a court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the nature of the charges to which he is pleading guilty, any applicable mandatory minimum sentence, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). The court also must ensure that the defendant's plea is voluntary, supported by a sufficient factual basis, and not the result of force, threats, or extrinsic promises. Fed. R. Crim. P. 11(b)(2)-(3); *see United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

Because Menocal-Ruiz did not move to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error in the district court, we review the plea colloquy

for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). "Under the plain error standard, this Court will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted). In the guilty plea context, a defendant establishes that an error affected his substantial rights if he demonstrates a reasonable probability that he would not have pled guilty but for the error. *Sanya*, 774 F.3d at 816. Here, the record reveals that, to the extent there were Rule 11 errors, they did not affect Menocal-Ruiz's substantial rights. Accordingly, Menocal-Ruiz's guilty plea is valid.

We turn next to Menocal-Ruiz's sentence. Here, our review identifies one reversible error. When announcing the terms of supervised release during the sentencing hearing, the district court listed only a few conditions. In its written judgment, however, the court included the statutorily imposed mandatory conditions, 13 "standard" conditions, and several special conditions that the court did not announce during the sentencing hearing.[1]

While a district court need not orally pronounce all mandatory conditions, "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020). The

---

[1] The "standard" conditions are those recommended by U.S. Sentencing Guidelines Manual § 5D1.3(c), p.s. (2018).

district court "may satisfy its obligation to orally pronounce discretionary conditions through incorporation" by reference to, for example, the standard conditions recommended by the Guidelines. *Id.* at 299. Here, the district court failed to orally pronounce the standard conditions and several of the special conditions imposed in the written judgment. Moreover, the court did not incorporate those conditions by reference to the Guidelines or otherwise notify Menocal-Ruiz that he would be subject to any discretionary conditions beyond those announced at the sentencing hearing.

We recently clarified that the appropriate remedy when the district court fails to announce discretionary conditions of supervised release that are later included in the written judgment is to vacate the sentence and remand for a full resentencing hearing. *See United States v. Singletary*, 984 F.3d 341, 346 & n.4 (4th Cir. 2021). We further clarified that, because unannounced conditions are not part of the defendant's sentence, a challenge to such conditions falls outside of the scope of an appeal waiver. *Id.* at 345.[2]

In accordance with *Anders*, we have reviewed the entire record, and we have found no other meritorious grounds for appeal.[3] We therefore affirm Menocal-Ruiz's convictions, vacate his sentence, and remand for resentencing.

---

[2] We note that the district court did not have the benefit of our decisions in *Rogers* and *Singletary* when it sentenced Menocal-Ruiz.

[3] Because the sentence was not properly imposed, we do not address any other potential issues related to Menocal-Ruiz's sentence at this juncture. *See Singletary*, 984 F.3d at 346-47 (declining to consider additional challenges to original sentence).

This court requires that counsel inform Menocal-Ruiz, in writing, of the right to petition the Supreme Court of the United States for further review. If Menocal-Ruiz requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Menocal-Ruiz. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*